**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 24-cv-23521-BLOOM/Sanchez**

JEANETT NORTHERN,

     Plaintiff,

v.

NEW PRIME INC., a foreign corporation,
and LOUIS KENNETH POLLARD, JR,

     Defendants.

_____ /

## OMNIBUS ORDER ON MOTION TO STRIKE AND *DAUBERT* MOTION

**THIS CAUSE** is before the Court upon Defendants New Prime, Inc. ("New Prime") and Louis Kenneth Pollard Jr.'s ("Pollard") Motion to Strike Plaintiff's Expert Dr. Kai McGreavey ("Motion"), ECF No. [71], and Defendant New Prime's Motion to Exclude Plaintiff's Expert Natalia Kogan, ECF No. [72]. Plaintiff Jeanett Northern ("Northern") filed Responses in Opposition, ECF Nos. [77]; [78]. Defendants filed Replies in Support, ECF Nos. [77]; [78]. The Court has reviewed the Motions, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motions are denied.

### I.   BACKGROUND

In her Complaint, Northern asserts two claims. First, Northern alleges Pollard breached his duty to safely operate his motor vehicle by negligently causing a motor vehicle accident, which left Northern injured (Negligence of Pollard -Count 1). Second, Northern alleges New Prime was vicariously liable for Pollard's negligence because Pollard was operating the vehicle in the scope of his employment with New Prime (Vicarious Liability as to New Prime - Count 2). ECF No. [1-1].

Defendants New Prime and Pollard now seek to strike Plaintiff's proposed expert Dr. Kai McGreevy ("McGreevy"). They argue that, on March 17, 2026, he was disclosed by Northern as her non-retained expert and treating neurologist, but when deposed on April 13, 2026, McGreevy testified that he was not Northern's treating doctor and retained for this litigation. ECF No. [71] at 1. Moreover, Defendants point out that McGreevey revealed in his deposition that he generated a report of recent examination. Defendants contend that Northern's failure to timely disclose is neither justified nor harmless and McGreevey's reports, associated materials, and testimony should be stricken.

Defendant New Prime further seeks to exclude Northern's expert Natalia Kogan's ("Kogan") opinions. It argues that she is not qualified to diagnose Northern with a traumatic brain injury, not qualified to opine that the subject accident caused Northern's alleged brain injury, and her testimony is not based upon sufficient facts, data, or the product of reliable principles and methods. *See generally* ECF No. [72].

Northern responds that McGreevy is a consultant for one of Northern's treating and medical providers and has never been retained of paid by Northern in this case. Northern contends McGreevy had a limited role in her treatment through Horizon TBI, where he interpreted some of her neurological testing. ECF No. [77] at 1. As such, Northern argues McGreevy is a non-retained expert witness and does not need to create a report. *Id*. at 5.

As to Kogan, Northern responds that Kogan will not testify in her case-in-chief. ECF No. [78] at 1. Moreover, Northern agrees that she will not elicit opinions from Kogan as to her diagnosing Northern with a traumatic brain injury, or that the accident caused such injury. *Id*. Considering this representation, Northern asks the Court to deny the *Daubert* motion as moot.

2

## II.   LEGAL STANDARD

### A.  Rule 26(a)

Federal Rule of Civil Procedure 26 requires a party to disclose to the other parties the identity of any witness it may use at trial to present expert testimony. *See* Fed. R. Civ. P. 26(a)(2). To make a proper disclosure, parties must disclose an expert's identity "accompanied by a written report." *Id.* at Rule 26(a)(2)(B). The written report must contain an array of information, including a "complete statement of all opinions the witness will express and the basis and reasons for them," "the facts or data considered by the witness in forming them," and the witness' qualifications, lists of cases where the witness testified as an expert, the expert's fee arrangement, and exhibits used to summarize or support the expert's opinions. *See id.* at Rule 26(a)(2)(B)(i)-(vi).

Regarding the time to disclose expert testimony, expert disclosures must be made at the times and in the sequence that the court orders. *Id.* at Rule 26(a)(2)(D). Absent a stipulation or court order, the disclosures must be made at least 90 days before the date set for trial or for the case to be ready for trial; or if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure. *Id.* at Rule 26(a)(2)(D)(i)-(ii). Parties must supplement their expert disclosures when required under Rule 26(e). *Id.* at Rule 26(a)(2)(E). That rule, in turn, imposes a duty on a party to supplement or correct its expert disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court." *Id.* at Rule 26(e)(1).

Further, for an expert whose report must be disclosed under Rule 26(a)(2)(B), "the party's duty to supplement extends both to information included in the report and to information given

3

during the expert's depositions," and any "additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." *Id.* at Rule 26(e)(2). Under that rule, unless ordered otherwise by the court, pretrial disclosures must be made at least 30 days before trial. *Id.* at Rule 26(a)(3)(B).

If a party violates Rules 26(a) or (e), Rule 37(c) provides for the exclusion of the expert evidence "unless the failure was substantially justified or is harmless." *See id.* at Rule 37(c)(1). The non-disclosing party bears the burden of showing that the failure to comply with Rule 26 was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 824). In making this determination, the Court considers four factors: "(1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Torres v. First Transit, Inc.*, No. 17-CV-81162, 2018 WL 3729553, at *2 (S.D. Fla. Aug. 6, 2018) (citation omitted). "Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *Bowe v. Pub. Storage*, 106 F. Supp. 3d 1252, 1260 (S.D. Fla. 2015) (citation omitted).

Ultimately, the "determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Smith v. Jacobs Eng'g Grp., Inc.*, No. 4:06CV496-WS/WCS, 2008 WL 4264718, at *6 (N.D. Fla. Mar. 20, 2008), *report and recommendation adopted*, No. 4:06 CV 496 WS, 2008 WL 4280167 (N.D. Fla. Sept. 12, 2008) (citation omitted); *Warren v. Delvista Towers Condo. Ass'n, Inc.*, No. 13-23074-CIV, 2014 WL 3764126, at *2 (S.D. Fla. July 30, 2014) (noting that a court has "great discretion in deciding whether to impose such a sanction" for failure to comply with expert witness disclosure

requirements). Indeed, "[c]ourts have broad discretion to exclude untimely expert testimony— even when they are designated as 'supplemental' reports." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019).

### B. *Daubert* Standard

Federal Rule of Evidence 702 governs the admissibility of expert testimony. When a party proffers the testimony of an expert under Rule 702, the party offering the expert testimony bears the burden of laying the proper foundation, and that party must demonstrate admissibility by a preponderance of the evidence. *See Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291-92 (11th Cir. 2005); *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1306 (11th Cir. 1999). To determine whether expert testimony or any report prepared by an expert may be admitted, the Court engages in a three-part inquiry, which includes whether: (1) the expert is qualified to testify competently regarding the matters the expert intends to address; (2) the methodology by which the expert reaches his or her conclusions is sufficiently reliable; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *See City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998) (citing *Daubert*, 509 U.S. at 589). The Court of Appeals for the Eleventh Circuit refers to each of these requirements as the "qualifications," "reliability," and "helpfulness" prongs. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). While some overlap exists among these requirements, the court must individually analyze each concept. *See id.*

Under Daubert, a district court must take on the role of gatekeeper, but this role "is not intended to supplant the adversary system or the role of the jury." *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003) (citations and quotation marks omitted). Consistent with this function, the district court must "ensure that speculative, unreliable expert testimony does not reach the jury." *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir. 2002).

"[I]t is not the role of the district court to make ultimate conclusions as to the persuasiveness of the proffered evidence." *Quiet Tech.*, 326 F.3d at 1341 (citations and quotation marks omitted). Thus, the district court cannot exclude an expert based on a belief that the expert lacks personal credibility. *Rink*, 400 F.3d at 1293 n.7. On the contrary, "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Quiet Tech.*, 326 F.3d at 1341 (quoting *Daubert*, 509 U.S. at 596). "Thus, '[o]n cross-examination, the opposing counsel is given the opportunity to ferret out the opinion's weaknesses to ensure the jury properly evaluates the testimony's weight and credibility.'" *Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 674 F. Supp. 2d 1321, 1325 (S.D. Fla. 2009) (quoting *Jones v. Otis Elevator Co.*, 861 F.2d 655, 662 (11th Cir. 1988)). Ultimately, "a district court enjoys 'considerable leeway' in making" evidentiary determinations such as these. *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty., Fla.*, 402 F.3d 1092, 1103 (11th Cir. 2005) (quoting *Frazier*, 387 F.3d at 1258).

## III.   DISCUSSION

### A.  Defendants' Motion to Strike Dr. Kai McGreevy

As a preliminary matter, Defendants point out that Northern disclosed McGreevey on March 17, 2026, after the expert disclosure deadline of January 12, 2026.[1] ECF No. [71] at 2. Northern's expert disclosure on March 17, 2026, describes McGreevy as a "neurologist who treated Ms. Northern for the injuries she sustained from the wreck that forms the basis of this lawsuit." *Id.* at 16. Defendant points out that, on April 13, 2026, Dr. McGreevey testified in his deposition that he was not a treating physician, but a consultant to lend expertise. *Id.* at 2.

---

[1] The Court notes that on December 24, 2025, the Court issued an order amending the scheduling order, which permitted the Parties to disclose experts by March 17, 2026. The Court further ordered that all discovery, including expert discovery, be completed by April 14, 2026. ECF No. [58].

Defendants further point out that McGreevy testified he met Plaintiff for the first time a week prior to his deposition. *Id*. at 3. Defendants contend Northern's untimely disclosure of McGreevy as a retained expert was not substantially justified or harmless. Despite labeling McGreevy as a non-retained expert, he meets the standard of a retained expert and Defendants are prejudiced because they learned of McGreevy's report and his retention at his deposition, just one day prior to the close of discovery. As such, Defendants contend they were unable to "depose him or counter his expert opinion with an expert of their own." *Id*. at 9.

Northern responds that McGreevy is not a retained expert. ECF No. [77] at 4. McGreevy is a consultant for one of Northern's treating medical providers, Horizon TBI. In that capacity, McGreevy had a limited role in Northern's treatment through Horizon TBI, where McGreevy interpreted some of Northern's neurological testing. *Id*. at 1. As such, Northern contends it is not required to produce McGreevy's report under Rule 26(a)(2)(B).

The record reflects that McGreevy was not retained by Northern and Dr. McGreevy testified that he was an independent contractor of Horizon TBI. ECF No. [71] at 30. McGreevy further testified that in his agreement with Horizon TBI, his role is "to review the EEGs and the testing and treatment plan if I felt that was necessary." *Id*. at 38. In this case, McGreevy indicated that his purpose was to approve or disapprove of Northern's testing and the interpretations that were initially made based on the results. *Id*. at 39. Furthermore, Dr. McGreevy indicates that he was paid by Horizon TBI, not Northern, to conduct this review. *Id*. at 44. Based on these facts, Dr. McGreevy was not retained by Northern and not required to produce a report under Rule 26(a)(2)(B). Moreover, Northern timely provided notice of Dr. McGreevy prior to the March 17, 2026 expert disclosure deadline. As such, Defendants' Motion to Strike is denied.

### B.  Defendant New Prime's Motion to Exclude Natalia Kogan

New Prime seeks to exclude Natalia Kogan from offering opinions that (1) Northern sustained a traumatic brain injury; and (2) that the subject accident caused it.  ECF No. [72] at 1. Northern responds that she is not seeking to elicit such opinions from Kogan. ECF No. [78] at 1. Moreover, Kogan will not testify in Northern's case-in-chief. *Id*. Northern indicates the only exception is that Northern would potentially call Kogan to authenticate medical records, but not as an expert. Northern "is not seeking to adduce expert testimony from Dr. Kogan on diagnosis or causation of Ms. Northern's traumatic brain injury." *Id*. at 3. Northern indicates that she is being treated by a neurologist who will render those opinions and asks the Court to deny the Motion as moot as it will not adduce expert opinion testimony from Kogan *Id*. New Prime responds that the motion is not "moot" because the medical records contain opinions as to causation, diagnosis, and treatment plans. ECF No. [81] at 2.

The Court accepts Northern's representation that she will not call Kogan to testify in her case-in-chief. To the extent New Prime objects to the admissibility of the medical records because they contain opinions from Kogan on topics such as the diagnosis or causation of Northern's injury, such an objection was not raised in New Prime's initial *Daubert* Motion, ECF No. [72]. New Prime only sought exclusion from Kogan "offering opinions" that (1) Northern sustained a traumatic brain injury and (2) that the subject accident caused it. ECF No. [72] at 1. Northern agreed to exclude such opinions. Only in New Prime's Reply does it seek to exclude "evidence/testimony." ECF No. [81] at 2. Such arguments as to the admissibility of the medical records were untimely raised and Northern was not afforded the chance to respond. As such, the Court does not address the medical records admissibility at this time. Because Northern conceded that she will not offer the opinions of Kogan, New Prime's Motion is denied as moot.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendants' Motion to Strike, **ECF No. [71]**, is **DENIED**.

2.  Defendant New Prime's *Daubert* Motion, **ECF No. [72]**, is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 27, 2026.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:

counsel of record